IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHY HERSEY,                                 :<br>                                                         :<br>     Plaintiff,                                   :<br>                                                         :                Civil Action No.<br>v.                                                    :                1:10-CV-0470-TWT-SSC<br>                                                         :<br>ERIC K. SHINSEKI, Secretary, U.S.  :<br>Department of Veterans Affairs, a   :<br>Federal Agency,                              :<br>                                                         :<br>     Defendant.                              :<br>                                                         : | |

**FINAL REPORT AND RECOMMENDATION**

On February 18, 2010, Plaintiff filed a complaint alleging violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* When she had not filed proof of service on Defendant as of late June, 2010, the undersigned ordered her to either submit proof of service or show cause why her complaint should not be dismissed for failure to serve Defendant within 120 days as required by Fed. R. Civ. P. 4(m). [Doc. 2]. On July 13, 2010 Plaintiff filed a response to the Court's show cause Order in which she represented to the Court "that Defendant ha[s] been served as required by the Federal Rules" and to which she attached copies of certified mail return receipts for the Secretary of Veterans Affairs, the Attorney General of the United States and the U.S. Attorney for the Northern District of Georgia reflecting receipt of certified mail on June 29, 2010,

1

June 30, 2010 and June 23, 2010, respectively. [Doc. 4 and Ex. A]. Plaintiff's response also explained the failure to serve Defendant within 120 days on the basis of attorney/paralegal error. (Id. at 2).

On September 19, 2010, Defendant filed a motion to dismiss for insufficient service of process. [Doc. 7]. Plaintiff has not filed a response. It is not clear from the filings of record whether, indeed, Defendant has been served properly.

On October 26, 2010, the undersigned ordered the parties to filed their Joint Preliminary Report and Discovery plan, as required by Fed. R. Civ. P. 16 and 26 and LR 16.2, NDGa., and their Initial Disclosures, pursuant to Fed. R. Civ. P. 26 and LR 26.1, NDGa., within fourteen days. [Doc. 8]. That Order also directed Plaintiff to file her Certificate of Interested Persons, as required by LR 3.3, NDGa., within fourteen days. (Id.). The Order cautioned the parties "that failure to comply with a lawful order of this [C]ourt may subject them to sanctions, including as to Plaintiff, a recommendation to the District Court Judge that the complaint be dismissed." (Doc. 8 at 2).

Defendant has complied with the October 26th Order (see Docs. 9 & 10), but Plaintiff has not. She has not filed her Preliminary Report and Discovery Plan, her Initial Disclosures, or her Certificate of Interested Persons. Furthermore, counsel for Defendant reports that the parties have not held the conference required by Fed. R. Civ. P. 26(f) because she has been unable to reach Plaintiff's counsel. (Doc. 9 at 1 n.1 and 9).

LR 41.3A(2), NDGa. authorizes dismissal of a civil action for want of

prosecution "with or without notice to the parties" when "[a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case." Fed. R. Civ. P. 41(b) provides that upon motion of a defendant, a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." And "[i]n addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d241, 247 (5th Cir. 1980). When the Court dismisses an action with prejudice—whether on its own motion or on the motion of a defendant—however, it may do so "only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanction would not suffice." Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation omitted).

Plaintiff in this action has not complied with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Georgia regarding Initial Disclosures, the Certificate of Interested Persons and the Preliminary Report and Discovery Schedule. See Fed. R. Civ. P. 16 and 26; LR 3.3, 16.2 and 26.1, NDGa. Furthermore, Plaintiff has failed to comply with an Order of this Court directing her to make these filings. Finally, Plaintiff has failed to file a response to Defendant's motion dismiss. Under LR 7.1 B, NDGa., that failure is deemed to indicate that Plaintiff does not oppose Defendant's motion.

Despite these multiple failures, the undersigned is not entirely convinced that dismissal with prejudice is the appropriate sanction because it is not completely clear, given Plaintiff's effort to respond to the Court's June show cause Order, that Plaintiff does not intend to further prosecute this action and "that lesser sanctions would not suffice."  Betty K Agencies, 432 F.3d at 1337-38.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b), the Court's "inherent authority to dismiss an action for want of prosecution . . . when necessary to maintain the orderly administration of justice" and LR 41.3A(2), NDGa. for Plaintiff's failure to prosecute this action and for her failure to comply with the applicable rules and an Order of the Court, even after she was warned that noncompliance could result in dismissal of her complaint.  (See Doc. 8).

It is further **RECOMMENDED** that Defendant's motion to dismiss [Doc. 7] be **denied as moot**.

**IT IS SO REPORTED AND RECOMMENDED** this 12th  day of November , 2010.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge